**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WENDY DOLIN, Individually and as Independent Executor of the Estate of Stewart Dolin, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, a Pennsylvania Corporation; MYLAN INC., a Pennsylvania Corporation; and H.D. SMITH WHOLESALE DRUG CO., a Delaware Corporation with its principal place of business in Illinois,<br><br>    Defendants. | No. 12 C 6403<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wendy Dolin, individually and as Independent Executor of the Estate of Stewart Dolin, has brought this action against Defendants Smithkline Beecham Corporation D/B/A Glaxosmithkline, a Pennsylvania corporation, Mylan Inc., also a Pennsylvania corporation, and H.D. Smith Wholesale Drug Co., a Delaware corporation with its principal place of business in Illinois. Plaintiff alleges various torts in connection with an allegedly unsafe pharmaceutical. Currently before me is Plaintiff's motion to remand this case back to state court for want of federal jurisdiction. For the following reasons, that motion is denied.

Plaintiff asserts that this Court, indeed any Federal Court, lacks jurisdiction over this matter because Defendant H.D. Smith, destroys diversity among the opposing parties. Without diversity, it is clear this claim would belong in state court. Defendants collectively contend in response that H.D. Smith was fraudulently joined to this action, and thus cannot be used by

1

Plaintiff to defeat diversity. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"Fraudulent" in this context is a term of art. *Poulos & A.G.P. v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). To find that a defendant has been fraudulently joined to an action, a court must conclude that the plaintiff has no reasonable possibility of prevailing against that defendant, leaving the implicit conclusion that the defendant was joined only to defeat diversity. *Schur*, 577 F.3d at 763; *Poulos*, 959 F.2d at 73. The bar for a defendant claiming fraudulent joinder is thus set quite high. *Schur*, 577 F.3d at 764; *Poulos*, 959 F.2d at 73.

Courts have held that, to a limited extent, summary judgment-type inquiries may be appropriate when determining whether a defendant has been fraudulently joined to an action. *See Momans v. St. John's Nw. Military Acad., Inc.*, 2000 WL 33976543, *3 (N.D. Ill. Apr. 20, 2000) (and cited cases). Such inquiries must be circumscribed to explore only the threshold issue of jurisdiction, and not the merits of the claim. *See id.*

To demonstrate that Plaintiffs have no possibility of prevailing against H.D. Smith, Defendants have submitted an affidavit signed by Lew Soars, Director of Generic Pharmaceutical Business Development for H.D. Smith, asserting that H.D. Smith did not distribute the relevant medication to the relevant pharmacy within the relevant time frame. Such companies keep careful records of the pharmaceuticals they handle (not least in anticipation of potential lawsuits such as this), and these records indicate that H.D. Smith simply is not the distributor Plaintiff is seeking.

Plaintiff endeavors to controvert this evidence with a competing sworn declaration from Eddie Levin, a pharmacist who has worked in the relevant pharmacy for 22 years. Mr. Levin avers, however, only that "to the best of [his] knowledge and information, [he] believe[s] the

paroxetine medication sold by Parkway Pharmacy in June 2010 was supplied by H.D. Smith." I cannot credit such an unsubstantiated and conspicuously cautious statement as sufficient to materially controvert Defendants' evidence.

To be sure, engaging in credibility determinations as to the "ultimate issues of fact" in this cause of action would amount to "pre-trying" the case and would improperly substitute a merits inquiry for a jurisdictional inquiry. *See Momans*, 2000 WL 33976543 at *4. But this is not to say that I cannot make a credibility determination as to statements going to jurisdictional facts – that is, statements going to the very propriety of bringing the suit against a particular defendant in the first place. *Cf. id*.

I find that Defendants' evidence as to H.D. Smith's utter lack of involvement in this case stands uncontroverted. And I find that this evidence compels a conclusion that Plaintiff has no reasonable possibility of prevailing over H.D. Smith. Accordingly, H.D. Smith cannot properly remain a defendant in this case, and complete diversity among the parties remains intact.

For the foregoing reasons, Plaintiff's motion to remand this action to state court for want of federal jurisdiction is denied. Briefing on Defendants' motion to dismiss, which had been stayed pending this order, will be scheduled at the next status date.

ENTER:

James B. Zagel
United States District Judge

DATE: January 9, 2013