UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY B. DOLIN, Individually and as Independent Executor of the ESTATE OF STEWART DOLIN, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, a Pennsylvania Corporation; and MYLAN INC., a Pennsylvania Corporation,<br><br>Defendants. | No. 12 C 6403<br>Judge James B. Zagel |

## ORDER

In a Memorandum Opinion and Order dated February 28, 2014, I granted in part and denied in part Defendant Glaxosmithkline's ("GSK") motion for summary judgment. GSK has now moved for certification of that order for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). Section 1292(b) states, in relevant part:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

GSK's motion for summary judgment was indeed partially denied on the basis of a contestable question of law. GSK has other defenses however, and real questions remain as to GSK's liability. I am not of the opinion that the order involves a sufficiently controlling question of law to warrant certification. *See* § 1292(b). As GSK notes, a question of law is clearly controlling when "resolution of the question being challenged on appeal will terminate

1

the action in the district court" *See* 19 Moore's Federal Practice – Civil § 203.31[2], p. 203-87 (Matthew Bender 3d ed. 2010). It cannot be said that that is the case here.[1]

The February 28 Opinion does not dispose of the matter with regard to GSK's liability, let alone damages. Were GSK to concede liability subject only to the Seventh Circuit's ruling on the question of law at issue, I would feel differently. I suspect GSK would be unwilling to do so, however, and I do not then see sufficient reason to bring a halt to the proceedings before this Court. Should GSK choose to concede liability subject to the resolution of the question of law at issue, it may notify the Court in writing on or before April 8, 2014.

## CONCLUSION

For the foregoing reasons, Defendant GSK's motion to certify for interlocutory appeal is denied.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: March 24, 2014

---

[1] GSK quotes language from *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996), to assert a weaker definition of controlling: "a question is 'controlling' when it is 'quite likely to affect the further course of the litigation, even if not certain to do so.'" But this misstates *Sokaogon*. *Sokaogon* held only that a question of law *may be deemed* controlling under those circumstances. *Id*. at 659. In my view, deeming the question of law at issue here to be 'controlling' for purposes of § 1292(b) certification is not warranted.