IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WENDY B. DOLIN, Individually and as Independent Executor of the ESTATE OF STEWART DOLIN, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, a Pennsylvania Corporation,<br><br>Defendant. | Case No. 1:12-cv-06403 |

**AMENDED REDACTED APRIL 17, 2014 STATUS CONFERENCE STATEMENT OF DEFENDANT GLAXOSMITHKLINE LLC**

Defendant GlaxoSmithKline LLC ("GSK") submits its Amended Redacted Status Conference Statement to the Court for the April 17, 2014 Status Conference to assist in identifying several issues that have arisen or may arise as the parties begin to engage in discovery in this matter:

**A.   Case Background.**

   **1.   *Mr. Dolin's Depression and Anxiety.***

This case arises from the death of Stewart Dolin (Mr. Dolin). Plaintiff alleges that Mr. Dolin committed suicide because of his ingestion of paroxetine hydrochloride, a generic medication manufactured and sold by Mylan, a competitor of GSK. GSK disputes that it is responsible for Mr. Dolin's alleged injuries and death. GSK submits that Mr. Dolin's death occurred for reasons unrelated to either its conduct or paroxetine. Medical records received to date by GSK support this and show that:

- **REDACTED**

- **REDACTED**

- **REDACTED**

- **REDACTED**[1]

2. *<u>FDA's Repeated Assessments of SSRIs and Suicidality</u>*.

While Plaintiff makes a host of allegations about the warnings for Paxil and generic paroxetine, Plaintiff cannot change that the United States Food and Drug Administration (FDA) has repeatedly, and rigorously, monitored the issue of whether SSRIs, including paroxetine, are possibly associated with suicidal thoughts or behavior ("suicidality") since the first SSRI was marketed in the United States in the late 1980s. FDA has continuously determined what information should (and should not) be included in the warnings for SSRIs; in fact, FDA rejected GSK's attempts to keep the warnings in the Paxil labeling that Plaintiff claims should have been included.

For years before Mr. Dolin's death, the labeling for paroxetine and all other SSRIs warned healthcare providers to closely monitor and observe all patients receiving treatment from antidepressants "for clinical worsening, suicidality, and unusual changes in behavior, especially during the initial few months of a course of drug therapy…." (*See* attached labeling for paroxetine in effect in 2007 at 12; attached as Ex. 1.) The FDA-approved labeling for paroxetine

---

[1] GSK has redacted certain parts of this submission because Plaintiff has asserted that this information should not be publicly disclosed and is confidential.

clearly warned that "[s]uicide is a known risk of depression and certain other psychiatric disorders, and these disorders themselves are the strongest predictors of suicide." (*Id*. at 11.) In addition, a boxed warning[2] in place well before Mr. Dolin's death similarly warned:

> Depression and certain other psychiatric disorders are themselves associated with increases in the risk of suicide. Patients of all ages who are started on antidepressant therapy should be monitored appropriately and observed closely for clinical worsening, suicidality, or unusual changes in behavior. Families and caregivers should be advised of the need for close observation and communication with the prescriber.

(*Id*. at 1.) Moreover, for several years before Mr. Dolin's death, the paroxetine labeling specifically warned about an association with a condition called akathisia, which Plaintiff alleges Mr. Dolin experienced due to his ingestion of generic paroxetine. (*See id*. at 16, 18; Complaint ¶¶ 20-21.)

B.  **Anticipated Discovery Issues[3].**

GSK sees several issues arising as it seeks discovery needed to defend against Plaintiff's claims. These include:

- *Discovery of the Dolins' financial information*. GSK believes this is pertinent to both liability and damages in this case. In her Complaint, Plaintiff represented that Mr. Dolin and she "were financially secure, owned their home outright, and had no pressing debts," that they "lived comfortably" and "traveled often." (Complaint ¶ 14.)

**REDACTED**

Given this, GSK[4] believes it will be necessary to conduct discovery about the Dolins' finances (and their debt) to determine

---

[2] A "boxed warning" or Black Box Warning is a warning implemented by FDA which appears at the front of the prescribing information for a medication in an outlined box.

[3] Currently pending before the Court is GSK's Motion for Reconsideration of the Court's March 24, 2014 Order denying GSK's Motion for Interlocutory Appeal Under 28 U.S.C. § 1292(b). *See* Doc. Nos. 112, 116.

[4] Plaintiff did not provide complete responses to discovery requests that GSK served back in 2012 before discovery was stayed in the case. GSK's counsel recently sent Plaintiff's counsel a deficiency letter outlining the various incomplete responses to GSK's Interrogatories and Requests for Production. After conferring with Plaintiff's

3

whether financial stress or debt (real or perceived) may have played a role in Mr. Dolin's death. Currently, Plaintiff has expressed objections to this discovery in "meet and confer" discussions.

- *Medical Authorizations*. Plaintiff has declined to provide GSK with a medical authorization that allows GSK to obtain medical records from a variety of healthcare providers. Instead, Plaintiff's counsel has insisted that GSK identify each of the healthcare providers that GSK wishes to obtain records from and then Plaintiff will execute an authorization specific to that healthcare provider. This procedure requires GSK to seek an individual authorization from Plaintiff for each healthcare provider, hospital or other facility and each pharmacy. This process of sending individual releases substantially impedes record collection and leads to unwarranted delays. This is especially so in a case where Plaintiff is now out of the country for three to four weeks. For these reasons, GSK believes that Plaintiff should complete the attached medical record authorizations which would avoid the necessity of having to submit to Plaintiff's counsel individual healthcare provider authorizations for Plaintiff to execute for return to GSK's counsel. (*See* Ex. 2.)

- *Number of Depositions*. GSK and Plaintiff have agreed that more than ten (10) depositions per party are needed for this case given the number of liability and damages witnesses, as well as the nature of Mr. Dolin's medical history. For example, in her Rule 26 Initial Disclosures, Plaintiff identified 15 individuals that may have discoverable information. Of these, GSK advised Plaintiff that it intends to notice and take the depositions of Plaintiff, her two adult children (Zachary Dolin and Bari Dolin), Dr. Martin Sachman, Sydney Reed, Dr. Seoka Salstrom, and potentially other providers, once GSK obtains necessary medical records, as well as former colleagues of Mr. Dolin and others who interacted with Mr. Dolin before his death.

- *Additional Interrogatories*. The parties also agreed, pursuant to Rule 26(b)(2) and 33(a)(1), to allow an additional 12 Interrogatories per party beyond those routinely permitted.

- *Proposed Protective Order*. The parties are discussing a proposed Protective Order for this case.

GSK and Plaintiff have discussed a proposed Scheduling Order. This proposed Scheduling Order would provide for Plaintiff supplementing her discovery responses by April 30, 2014; allow for fact discovery through October 31, 2014 followed by a period of expert discovery; and provide other deadlines.

---

counsel, GSK's counsel understands that Plaintiff will supplement her responses and provide full responses by April 30, 2014.

4

Dated: April 15, 2014

Respectfully submitted,

By: /s/ Alan S. Gilbert
Alan S. Gilbert (No. 953210)
Melissa Economy (No. 6282802)
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Chicago, Illinois  60606-6404
Telephone:  (312) 876-8000
Facsimile:  (312) 876-7934

Andrew T. Bayman (*pro hac vice*)
Todd P. Davis (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Christopher R. Benson (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006
Telephone:  (202) 737-0500
Facsimile:  (202) 626-6737

*Attorneys for GlaxoSmithKline LLC*

## CERTIFICATE OF SERVICE

It is hereby certified that on April 15, 2014, I have served a copy of the foregoing **AMENDED REDACTED APRIL 17, 2014 STATUS CONFERENCE STATEMENT OF DEFENDANT GLAXOSMITHKLINE LLC** on the following counsel via electronic mail and first class U.S. mail:

| | |
|---|---|
| Michael L. Baum | Joshua Lawrence Weisberg |
| *sbeam@baumhedlundlaw.com* | *jweisberg@rapoportlaw.com* |
| Bijan Esfandiari | Lindsey Alaine Epstein |
| *besfandiari@baumhedlundlaw.com* | *lepstein@rapoportlaw.com* |
| Frances M. Phares | Rapoport Law Offices, PC |
| *fphares@baumhedlundlaw.com* | 20 N. Clark Street |
| R. Brent Wisner | Suite 3500 |
| *rbwisner@baumhedlundlaw.com* | Chicago, IL 60602 |
| Baum Hedlund Aristei & Goldman, P.c. | (312) 327-9880 |
| 12100 Wilshire Blvd. | |
| Suite 950 | |
| Los Angeles, CA 90025 | |
| (310) 207-3233 | |

*Attorneys for Plaintiff Wendy B. Dolin*

                                                  By:  /s/ Alan S. Gilbert
                                                  Alan S. Gilbert (No. 953210)
                                                  D<small>ENTONS</small> US LLP

                                                  *Attorney for GlaxoSmithKline LLC*