UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY B. DOLIN, Individually and as Independent Executor of the ESTATE OF STEWART DOLIN, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, a Pennsylvania Corporation; and MYLAN INC., a Pennsylvania Corporation, <br><br> Defendants. | No. 12 C 6403 <br> Judge James B. Zagel |

## ORDER

In a Memorandum Opinion and Order dated February 28, 2014 I denied in part and granted in part Defendant SmithKline Beecham Corporation's ("GSK") motion for summary judgment. *Dolin v. SmithKline Beecham Corporation, et al.*, 2014 WL 804458 (N.D.Ill. February 28, 2014). Principally at issue in the opinion was whether and under what circumstances a name-brand drug manufacturer may be held liable for an injury occurring after the consumption of a generic version of one of its drugs, where the alleged causes of the injury were extrinsic to the manufacturing process and under the name-brand defendant's control. GSK took the position that the answer to that question is "never." I disagreed.

GSK then timely filed a motion asking that I certify the February 28 opinion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In an order dated March 24, 2014 I denied that motion. Currently before the Court is GSK's motion to reconsider my order denying certification for interlocutory appeal. That motion is granted insofar as I have reconsidered the order, but I now confirm the ruling.

Were I to grant certification, and were the Seventh Circuit to accept the appeal, one outcome in the Court of Appeals would end this case quickly, and the other would not. In the event of the latter, the parties will have been, of course, subjected to further delay. Clearly this is not a situation where a court

of appeals ruling will necessarily terminate the case.[1] And granting certification for interlocutory appeal is discretionary, which means that the decision to approve certification is never required.

The legal question at issue here has been subject to a great deal of discussion. *See id.* at *3, n. 2. While the decisions addressing the question have heavily favored the position taken by GSK, a small number have not. I have now joined this minority, though not entirely under the same reasoning. A great deal of legal argument and reasoning has been presented in connection with these cases on both sides of the question, but not one of these decisions, so far as we can decide, has been based on a full factual record. Further, most, if not all, of these cases have been decided only in terms of simply whether a manufacturer may be held liable for injury resulting from the consumption of a product that it did not make. In my view, that is not the claim that is being made here.

GSK will, of course, have an opportunity to pursue an appeal, should it so desire, upon final disposition of this matter. For now, I am convinced that the wise course is to take steps to afford the Court of Appeals the benefit of a full factual record, developed with the proper question in mind, should that day come.

ENTER:

James B. Zagel
United States District Judge

DATE: April 16, 2014

---

[1] While it is true that such circumstances are not required to grant certification for interlocutory appeal, in my view, such circumstances do come close to creating a situation that impels a court to proceed on an interlocutory basis. The discretionary nature of this decision is all the more clear when such circumstances are not present.