UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY DOLIN, Individually and as Independent Executor of the ESTATE OF STEWART DOLIN, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, a Pennsylvania Corporation,<br><br>    Defendant. | No. 12 C 6403<br>Judge James B. Zagel |

## MEMORANDUM OPINION

Plaintiff Wendy B. Dolin has brought this wrongful death action against Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline. In support of her claims, Plaintiff submitted an expert report from Dr. David Healy on the issue of general causation (*i.e.*, whether Paxil can cause suicide).

Prior to Dr. Healy's deposition, however, Defendant served Dr. Healy with a subpoena *duces tecum*, which asked Dr. Healy to produce documents concerning an investigation involving the death of one of Dr. Healy's patients and a referral to the General Medicine Council ("GMC") in the United Kingdom, the organization responsible for monitoring medical licenses. Much of this information is available in Dr. Healy's blog posts.

In response to the subpoena and document requests, Plaintiff objected and Dr. Healy failed to produce any responsive documents about the GMC Investigation. Specifically, Plaintiff's counsel and Dr. Healy claimed, *inter alia*, that the requested documents were privileged and irrelevant to any claim or defense in this case. At his April 2, 2015 deposition in

1

this case, Dr. Healy's United Kingdom barrister and Plaintiff's counsel instructed Dr. Healy not to answer any questions relating to any details of his referral, the investigation that led to that referral, or the underlying incident(s) that started the investigation.

The matter is presently before the Court on Defendant's motion to compel these documents and additional deposition testimony from Dr. Healy. At the May 6, 2015 status conference, the Court instructed Dr. Healy (and Plaintiff's counsel) to submit the documents in question for *in camera* review. Rather than follow my directive, Dr. Healy filed an Opposition claiming that he could not do so. Although Dr. Healy did not provide the documents, he did provide some additional information about them. According to Dr. Healy, the requested documents fall into one of three categories:

- The first category of documents relates to medical records and notes of the patient who committed suicide, correspondence with the patient's family, and general treatment records and notes.

- The second category of documents reflects correspondence between Dr. Healy and BCUHB relating to the SUI review, resulting investigation, and GMC referral. There are approximately 135 pages of documents in Dr. Healy's possession.

- The third category of documents involves various internal BCUHB communications that Dr. Healy obtained under the Freedom of Information Act. The names of individuals other than Dr. Healy's are redacted, and the documents exclusively contain the mental impressions of physicians within BCUHB management about the Higgo report. Since these documents relate to BCUHB staff, Dr. Healy has no authority to disclose these documents. There are approximately 130 pages of documents in my possession.

This information is helpful, but it is not enough.

Accordingly, I am once again ordering Dr. Healy to produce the documents to the Court for *in camera* review. There will be no public release. Based on everything that I have read, it is possible that the information called for by Defendant may turn out to be unnecessary to the decision in this case. My principal purpose for reviewing these documents *in camera*,

2

however, is to determine the admissibility and significance of the materials—I cannot do this without examining the materials myself. After this happens, I will hear oral arguments on their admissibility if I believe that oral arguments are necessary.

If I determine that the documents are admissible and Defendant uses them, I will consider closing the courtroom during this part of the trial. If I determine that the information is not relevant and the Defendant wins the case, I will return all of the documents to Dr. Healy. Otherwise, we will put the materials under seal in the event that the case is heard on appeal. If this happens, it will be the decision of the Court of Appeals to determine whether the papers need further examination.

So far as I can now determine, public disclosure of these documents may not be necessary because investigations, without any finding of culpability, are typically not relevant. Moreover, it seems to the Court that the likely purpose of using any portion of this material is for impeachment of the testimony of Dr. Healy's own statements with other statements he has made.

If it is appropriate, considering all the factors, I may allow Dr. Healy to testify even if the documents are not produced. If necessary, this is a decision that I will make later.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 19, 2015