UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY B. DOLIN, Individually and as Independent Executor of the ESTATE OF STEWART DOLIN, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE, A Pennsylvania Corporation, <br><br> Defendant. | No. 12 C 6403 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wendy Dolin brings this action against Defendant SmithKline Beecham Corp. d/b/a GlaxoSmithKline ("GSK"). Plaintiff's husband, Stewart Dolin ("Mr. Dolin"), was fifty-seven years old when he committed suicide in July 2010 after being prescribed and ingesting a generic form of the drug Paxil—GSK's trade name for paroxetine hydrochloride.

This matter is presently before me on two motions for summary judgment filed by GSK. GSK's first motion argues that Plaintiff's state-law claims are preempted by federal law while its other motion contends that there are no genuine issues of material fact. For the following reasons, I am denying both motions in their entirety.

GSK's argument for "implied conflict preemption" has been uniformly rejected every time it has been brought within the Seventh Circuit. *See Mason v. SmithKline Beecham Corp.*, 596 F.3d 387 (7th Cir. 2010) (failure to warn claims involving Paxil-induced suicide of a 23-year-old woman not preempted by federal law); *Forst v. Smithkline Beecham Corp.*, 639 F. Supp. 2d 948, 953 (E.D. Wis. 2009) (failure to warn claims involving the Paxil-induced suicide

1

attempt of a 61-year-old man are not preempted by federal law); *Tucker v. SmithKline Beecham Corp.*, 596 F. Supp. 2d 1225, 1227 (S.D. Ind. 2008) (failure to warn claims involving the Paxil-induced suicide attempt of a 55-year-old Catholic priest not preempted by federal law).

The Supreme Court has held that preemption is a demanding defense which will not succeed without "clear evidence" that the FDA would not have approved an enhanced warning to the drug's label. *Wyeth v. Levine*, 555 U.S. 555, 571 (2009). To meet this demanding burden, GSK is required to produce "clear evidence" that, had it added a Paxil-specific adult suicidality warning, that change would have been rejected by the FDA or deemed a misbranding of the drug.

GSK's preemption argument rests on the premise that the FDA has considered and rejected an adult suicide warning during the relevant time period, but the record demonstrates otherwise. On June 22, 2007, the FDA extended an invitation to GSK to discuss the option of keeping the 2006 Paxil-specific adult language in its current label by requesting a formal meeting. Specifically, the FDA told GSK: "If you would like to discuss this matter further [keeping the 2006 Paxil-specific adult warning in the Paxil label], please submit a formal meeting request." GSK, however, never asked for a formal meeting, nor did it seek additional labeling regarding Paxil-specific data. Moreover, GSK never sent a separate supplement and declined the FDA's invitation for a meeting to discuss the inclusion of the 2006 Paxil-specific adult warnings.

As the record currently stands, therefore, GSK has failed to meet its demanding burden of demonstrating by clear evidence that the FDA would have rejected a Paxil-specific adult suicide warning had GSK taken the FDA up on its request to schedule a formal meeting or submit a separate supplement to add the Paxil-specific adult suicide warnings.

GSK's other motion for summary judgment contains four distinct arguments. First, GSK argues that Plaintiff's claims fail because Mr. Dolin's prescriber, Dr. Sachman, knew that Paxil increased the risk of adult suicidal behavior prior to prescribing the drug to Mr. Dolin. Second, GSK argues that the Paxil label is adequate as a matter of law. Third, GSK argues that Plaintiff's claims based on misrepresentation and consumer fraud fail because, according to GSK, there is insufficient evidence of the element of reliance. And finally, GSK renews its previous motion for summary judgment based on the idea that GSK cannot be held liable here because Mr. Dolin ingested the generic form of Paxil and not the name-brand drug itself. None of these arguments are persuasive.

With regards to whether Dr. Sachman knew that Paxil increased the risks of adult suicidal behavior prior to prescribing the drug to Mr. Dolin and whether Dr. Sachman relied on the 2010 Paxil label in making his decision to prescribe Paxil to Mr. Dolin, the record does not support GSK's interpretation of Dr. Sachman's testimony. Considering the record in the light most favorable to the non-moving party, as I am required to do, Dr. Sachman's testimony suggests that (1) he did not know that Paxil increased the risk of suicidal behavior in adults over 24 prior to prescribing Paxil to Mr. Dolin in 2010, (2) he relied upon the 2010 Paxil label before prescribing Paxil to Mr. Dolin, (3) the 2010 Paxil label does not adequately warn about the risk of suicidal behavior beyond age 24, and (4) had he known of the risk, he would never have prescribed Paxil to Mr. Dolin. This is enough to defeat GSK's motion for summary judgment. Ultimately, these decisions cannot be made without assessing Dr. Sachman's credibility at trial.

Similarly, I cannot conclude at this point that GSK's 2010 Paxil label is adequate as a matter of law. Plaintiff is ready to offer multiple expert opinions on this matter, including Dr. Ross and Dr. Glenmullen. The adequacy of Paxil's 2010 label will depend on this testimony,

GSK's expert testimony, and the underlying statistical evidence. Reaching a decision before trial would be inappropriate.

GSK's final argument asks that I revise a previous decision of mine that was entered in a February 28, 2014 order. I assume the reader's familiarity with the facts and law set forth therein. Although I am allowed to change my previous decision on a renewed motion for summary judgment, there is nothing in the record that would justify doing so.

## CONCLUSION

I am denying both of GSK's motions for summary judgment in their entirety.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 11, 2016