IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY B. DOLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 6403 |
| | ) |
| SMITHKLINE BEECHAM | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION AND ORDER

Plaintiff Wendy Dolin ("Dolin") seeks damages from defendant Smithkline Beecham Corporation doing business as GlaxoSmithKline, LLC ("GSK") arising from the suicide death of her husband, Stewart Dolin, who was prescribed paroxetine, the active ingredient in Paxil, GSK's branded prescription medication which was manufactured and distributed by a generic pharmaceutical company. Two motions for summary judgment have been denied ***Dolin,*** 62 F. 3d 705 (N. D. Ill. 2014) and ***Dolin,*** WL 537949 (N.D. Ill). *Daubert* motions have been resolved. The parties are now preparing for trial.

Before the court are motions relating to a special hearing of testimony of Dr. David Healy, the return of documents submitted *in camera* relating to the testimony of Dr. Healy, motions *in limine* , and review of witness lists.

### A.  The Healy Issues.

Dr. David Healy is a professor of psychiatry at Bangor Univesity in the United Kingdom.  He conducts a clinical practice at the Herfest Mental Health Inpatient Unit in North Wales.  He is both a medical doctor and a neuropsychopharmacologist.  Dr. Healy is identified as an expert witness for the plaintiff.  He has provided an expert's report and been deposed.  A *Daubert* motion to strike his testimony has been denied.  **Dolin**. 2015 WL 7351678.

In 2013, a patient under Dr. Healy's hospital care committed suicide.  A report was issued critical of Dr. Healy.  The hospital referred the report to the General Medical Council ("GMC"), the governing board of medicine in the United Kingdom.  While a private GMC investigation was underway Dr. Healy stated in publicly available blogs that the investigation was unfair and that the pharmaceutical industry that he has criticized in litigation may be behind the referral.  GSK served a subpoena for documents relating to the investigation.  In June of 2015 documents which GSK seeks were ordered to be submitted to the court for *in camera* review and a hearing requiring the appearance of Dr. Healy was

ordered. In May of 2016, the GMC closed its investigation without taking any action against Dr. Healy.

Plaintiff moves to cancel the hearing requiring the appearance of Dr. Healy and requests the return of the documents submitted for *in camera* review. GSK, argues the documents are "relevant to Dr. Healy's qualifications, credibility and potential bias against GSK." There is, however, no contention that the incident resulting in the GMC investigation involved the drug under consideration in this case. Potential bias and credibility are subjects for cross-examination without resort to extrinsic evidence. Fed. R. Ev. 608(b).

As stated by this court before the GMC investigation was closed "investigations, without finding of culpability, are typically not relevant." Moreover, there is nothing in the *in camera* documents to warrant a hearing or disclosure of the documents. Accordingly, no pretrial hearing of Dr. Healy's testimony will be held. The documents submitted for *in camera* review will be held under seal by the clerk of the court pending final disposition of this litigation

### B. Plaintiff's Motions

Unopposed Motion 1 is GRANTED.

Motion 2 to bar inquiry of plaintiff's motives in filing suit is GRANTED.

Motion 3 with respect to final argument is RESERVED.

Motion 4 with respect to juror sympathy is GRANTED.

Motion 5 to bar references to collateral source payments is GRANTED.

Motion 6 to bar references to the adverse effect of a verdict on GSK's business is GRANTED. Questions with respect to proper warning are RESERVED.

Motion 7 relating to any benevolent activity by GSK is GRANTED.

Motion 8 relating to other experiences with antidepressants is DENIED.

Motion 9 relating to personal experiences is RESERVED.

Motion 10 relating to the practice of the treating physician is RESERVED.

Motion 11 relating to experiences and treatment of other persons is RESERVED.

Motion 12 to bar references to judicial opinions referring to experts is GRANTED and shall apply to each side.

Motion 13 to bar reference to expert's past work and compensation is RESERVED.

Motion 14 to bar the testimony of Jane Doe is GRANTED.

Motion 15 to bar the testimony of lay witnesses concerning Stewart Dolin's medical records is GRANTED.

Motion 16 concerning label adequacy is RESERVED.

Motion 17 to bar contending GSK's non-ownership of the Paxil label is relevant is GRANTED.

Motion 18 to bar contending that GSK cannot be liable because the drug was manufactured by a generic drug maker is GRANTED.

Motion 19 concerning FDA sanctions is GRANTED.

Motion 20 to bar contentions that anyone other than GSK is responsible for the Paxil label is RESERVED.

Motion 21 with respect to suicide rates is RESERVED.

### C. Defendant's Motions *in limine*

Motion 1 to exclude any reference to GSK's conduct and Paxil labeling prior to 2004 is DENIED.

Motion 2 to exclude evidence with respect to FDA's authority or GSK's interactions with the FDA is DENIED.

Motion 3 to exclude evidence that GSK had a duty to directly warn patients of the risk of taking paroxetine is RESERVED.

Motion 4 to exclude evidence of marketing and promotion is RESERVED.

Motion 5 to exclude evidence of pediatric use of Paxil is GRANTED except as to the FDA's review of the issue of suicide and the FDA's review of GSK's submission in 2003.

Motion 6 to exclude improper topics is RESERVED.

Motion 7 to exclude hearsay statements and opinions of Dr. Joseph Glenmullen is DENIED.

Motion 8 to exclude references to other claims, lawsuits, investigations and reports is GRANTED.

Motion 9 to exclude evidence of Any plea agreement and settlement is GRANTED.

Motion 10 to bar plaintiff from disputing any admissions is RESERVED.

Motion 11 to exclude certain evidence is RESERVED.

Motion 12 to exclude adverse event reports is RESERVED.

Motion 13 to exclude any reference to the "Lilly Protocol" is GRANTED

Motion 14 to exclude any reference to GSK's corporate status, location or financial condition is GRANTED.

Motion 15 to exclude any reference to foreign labeling or warnings for Paxil is GRANTED.

### D. Review of Witness Lists

Because of the highly technical medical, psychiatric, pharmaceutical, epidemiological, drug labeling and learned intermediary issues, the parties have been advised that the court will require special vigilance with respect to experts'

qualifications and relevance of the topics to be presented to the jury. This will be a difficult case for a lay jury. The presentations must stay on topic and duplication will be prohibited. The proposed witness lists give indication of clear risks of jury-overload. The problems have been discussed in open court and the parties have indicated that they will provide amended witness lists reflecting consideration of these trial problems.

IT IS THEREFORE ORDERED AS FOLLOWS:

(1) The order directing hearing of testimony from Dr. David Healy concerning documents submitted *in camera* (Dk.t 263) is vacated.

(2) The documents submitted *in camera* shall be filed with the clerk of the court under seal and held pending the final disposition of this litigation.

(3) The parties motions *in limine* are resolved as stated in the order of this date.

(4) Proposed trial exhibits and revised witness lists shall be submitted to chambers on or before December 8, 2016.

(5) Objections to trial exhibits shall be filed on or before December 15, 2016.

(6) Hearing on objections to exhibits will be held on December 20, 2016 at 1:30 P.M.

(7) Proposed jury instructions shall be filed on or before December 20, 2016.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 21, 2016