**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**


| | | |
|---|---|---|
| Wendy Dolin, Individually and as | ) | |
| Independent Executor of the estate of | ) | |
| Stewart Dolin (deceased) | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 12 C 6403 |
| | ) | |
| v. | ) | |
| | ) | Judge William T. Hart |
| SmithKline Beecham Corporation | ) | |
| d/b/a GlaxoSmithKline, | ) | |
| | ) | |
| Defendant | ) | |


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of the defendant SmithKline

Beecham Corporation d/b/a GlaxoSmithkline, ("GSK") to award costs in the amount

of $141, 888.19 (Dkt. 681).  Plaintiff  Wendy Dolan ("Dolin") opposes the allowance

of any costs.

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party will

be awarded costs  unless "a court order provides otherwise."  ***Beamon v. Marshall

& Isley Trust Co,*** 411 F. 3d 854, 864 (7th Cir. 2005); ***M. T. Bonk Co. v. Milton

Bradley Co.,*** 945 F. 2d 1404, 1409 (7th Cir. 1991). The Rule has been understood to

mean that a court has discretion to deny costs under certain circumstances. The

Seventh Circuit has stated that, when considering such an order,  courts should

consider factors including "the closeness and difficulty of the issues" and the run-up

of "excessive costs". ***Rivera v. City of Chicago,*** 469 F. 3d 631, 635, 637; ***White &***

***White, Inc. v. Am. Hosp. Supply Corp.,*** 786 F. 2d 728, 730 (6ᵗʰ Cir.1986); ***Oglesby v. Coca-Cola Bottling Company of Chicago/Wisconsin,*** 640 F. Supp. 32 (N.D. Ill. 1985).

This has been a long drawn-out case. GSK prevailed on appeal to set aside a jury verdict for the plaintiff based on federal preemption. Preemption is legal defense that did not go to the jury. It is a question of law. Pre-trial discovery proceedings did not relate to this issue. Only the deposition of Dr. Ronald Kraus apparently related to that issue. The discovery was related to facts of a state-law the claim that failure to warn of suicide risk was a cause of the suicide of Stewart Dolin.

From the outset, GSK mounted a scorched-earth fact defense which included a mandamus proceeding challenging a summary judgment ruling. ***In Re GlaxoSmithKline, LLC,*** 557 F. App. 578 (7ᵗʰ Cir. 2014).

GSK deposed 26 witnesses. Twenty-one fact witnesses and five expert witnesses. Plaintiff took less that ten depositions, including experts, consistent with Fed. R.C.P. 30(a)(2)(A) allowing 10 depositions per side. GSK's deposition costs are $45,859. Plaintiff's costs were $37,647, much of which was incurred because plaintiff participated in GSK's discovery.

GSK seeks $4,303 in costs for hearing transcripts. The majority of the transcripts were either expedited or daily (even more expensive than expedited). By comparison plaintiff expense for hearing transcripts was $860.

GSK seeks $25,452 in printing costs for production, image conversions,

technical services and assembly.  These costs were an extravagance that GSK  could

afford.

The examples of GSK's trial activity and resulting excessive costs leads to the

conclusion that each side should bear it own costs incurred in  this court.  However,

the court must enter a judgment for costs in the amount of $366 as allowed  in a

Court of Appeals mandate dated September 28, 2018 (Dkt. 679) .

IT IS THEREFORE ORDERED AS FOLLOWS:

The clerk the court shall enter a judgment for costs in the amount of $366 in

favor of defendant SMITHKLINE BEECHAM CORPORATION D/B/A GLAXO

SMITHKLINE, a Pennsylvania Corporation, and against plaintiff WENDY B.

DOLIN, Individually and as Independent Executor of the ESTATE OF  STEWART

DOLIN, Deceased.


Dated: September 16, 2020

Enter:  /s/ William T. Hart
                United Sates District Judge